UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARS KORSVALL,<br><br>            Plaintiff,<br><br>     v.<br><br>SAMANTHA PENNINGER,<br><br>            Defendant. | Case No. 2:23-07538-HDV (ADS)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND OBEY COURT ORDERS |

## I.   INTRODUCTION

Plaintiff Lars Korsvall, proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Dkt. No. 1.) On September 19, 2023, the Court issued an Order Regarding Service and Filing Requirements After Filing of Complaint by Pro Se Plaintiff ("Order Regarding Service"). (Dkt. No. 5.) The Order Regarding Service notified Plaintiff that he needed to file proof of service reflecting service upon Defendant Samantha Penninger by no later than December 10, 2023. (Id. at 1.) Plaintiff took no

action. On December 20, 2023, the Court issued an Order to Show Cause Why Case Should Not Be Dismissed for Failure to Prosecute and Obey Court Orders ("Order Regarding Dismissal"). (Dkt. No. 6.) Plaintiff was ordered to respond by no later than January 2, 2024. (Id.) As of the date of this order, Plaintiff has not responded to the Order Regarding Dismissal. Plaintiff has not taken any action in this case since the initial filing of the Complaint on September 11, 2023.

II. **DISCUSSION**

Dismissal of this action is warranted due to Plaintiff's failure to prosecute the case and comply with court orders. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642.

Here, the first, second, third, and fifth factors weigh in favor of dismissal. First, Plaintiff has failed to engage with this case in any way since September 11, 2023. Plaintiff has failed to timely serve the Complaint or file proof of service. Moreover, Plaintiff failed to respond to the Order Regarding Dismissal even though he was expressly warned that failure to respond could result in dismissal of his Complaint. (Dkt. No. 6.) Plaintiff has failed to prosecute his case. This failure to prosecute the case

has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket.  See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").  Second, Plaintiff has failed to rebut the presumption that Defendant has been prejudiced by this unreasonable delay.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)).  Third, there is no less drastic sanction available.  Both the Order Regarding Service and the Order Regarding Dismissal warned Plaintiff that this action would be dismissed if he failed to prosecute his case.  Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal.  See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Finally, although the fourth factor always weighs against dismissal, here Plaintiff's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits.  Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.").  Having weighed these factors, the Court finds that dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) is warranted.

**III.   CONCLUSION**

Accordingly, this action is dismissed without prejudice for failure to prosecute

3

and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). Judgment is to be entered accordingly.

**IT IS SO ORDERED**.

Dated: 1/26/24

_____
THE HONORABLE HERNAN D. VERA
United States District Judge

Presented by:

  /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge